FILED
JAN 11 2007
Jan. 11, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

se: 1:07-cv-00214 Document #: 1 Filed: 01/11/07 Page 1 of 17 PageID #:1

JH

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

MICHAEL KUHL, individually and on behalf
of all similarly situated persons,

                Plaintiff,

    v.

GUITAR CENTER STORES, INC., and
GUITAR CENTER, INC.,

                Defendants.

<u>**JURY TRIAL DEMANDED**</u>

**07CV214**
**JUDGE GOTTSCHALL**
**MAG. JUDGE MASON**

## CLASS ACTION COMPLAINT

Plaintiff, Michael Kuhl, brings this action on behalf of himself and all persons similarly

situated and, except as to those allegations pertaining to Plaintiff or his attorneys, which are

based upon personal knowledge, allege the following upon information and belief and following

investigation of counsel against Defendants, Guitar Center Stores, Inc. and Guitar Center, Inc.

(collectively, "Guitar Center"):

1.      This action seeks relief on behalf of the Defendants' employees arising out of the

Defendants' unfair and unlawful payroll deductions.

2.      Defendants capriciously deducted up to a full hour's wages from its employees'

paychecks, in order to decrease its payroll costs and penalize employees who do not punch "in"

or "out" for unpaid meal breaks, because they are either too busy working to take a meal break or

forget to punch their time-clock for meal breaks they do take.

3.      Defendants also retroactively alter their employees' timesheets by rounding-up to

30 minutes unpaid meal breaks that are less than 30 minutes.

4.     Defendants, by making unfair deductions from the wages of Plaintiff and similarly situated employees, and by failing to pay wages agreed-upon and required by statute, violated and continue to violate the common law of contracts and federal and state labor laws, and are unjustly enriched thereby.

## PARTIES, JURISDICTION AND VENUE

5.     Defendant, Guitar Center Inc., a publicly traded California corporation with its principal place of business located in California, owns and operates a popular chain of large retail music stores in Illinois and nationwide, and markets, sells and distributes its products in the stream of trade and commerce in Illinois and nationwide. Guitar Center Inc., both individually and by and through the co-Defendant, has employed Plaintiff and at least several hundred similarly situated persons as hourly employees in its retail stores and other locations in Illinois and nationwide, including within the Northern District of Illinois. Defendant, Guitar Center Stores, Inc., is incorporated under the laws of the State Delaware, is the principal subsidiary of Guitar Center Inc., operates said Guitar Center retail stores, and at relevant times issued pay checks to Plaintiff and members of each Class. The Defendants carried out the acts and conduct complained of herein in tandem, and each Defendant profited from same.

6.     Defendants are each "employers" within the meaning of the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS § 115/2, and the Federal Labor Standards Act (FLSA), 29 U.S.C. § 203(d).

7.     Plaintiff is a citizen of Illinois. At all relevant times, Plaintiff worked for Defendants as an employee at its "Central Chicago 334" location in Chicago, Illinois. At all relevant times, Plaintiff was entitled to be free of Defendants' arbitrary, unfair, and penal wage

deduction practice described herein, to decide whether to consent to such wage deductions in writing, and to be paid wages for hours worked, including overtime wages.

8.     Plaintiff and the Class defined below are employees within the meaning of the IWPCA, 820 ILCS § 115/2, and the FLSA, 29 U.S.C. § 203(e)(1).

9.     Defendants perpetrated the acts and conduct complained of herein during the Class period set forth below, and with respect to the Plaintiff from at least as far back as November 1998.  Plaintiff was employed by the Defendants prior to and including at the time the Defendants' "Central Chicago 334" location, 2633 N. Halstead, Chicago, Illinois, opened in November 1998, until the present time.  When that location opened, Defendants replaced employee "punch" cards used at the previous store location with a more modern, electronic work-time-keeping clock.  At all relevant times, Plaintiff and the Class have been non-exempt employees covered under the IWPCA and/or the FLSA.

10.     The Court has jurisdiction over the federal claim under 28 U.S.C. §§1331 and 1337.  The Court has jurisdiction over the state-law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

11.     Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.§1391 because Defendants reside, transact business, or are found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

### SUBSTANTIVE ALLEGATIONS

12.     In 2006, the Defendants already settled two class actions filed against them in the Superior Court of the State of California, Los Angeles County, on behalf of Guitar Center employees, alleging a pattern of failing to pay wages and overtime and failing to allow meal breaks and rest breaks.

3

13.    The "Add-A-Punch" Class affected by the conduct alleged herein is comprised of
Plaintiff and all former and current employees from whose paychecks Defendants retroactively
deducted increments of up to one-hour's pay, where the employee did not punch "in" or "out" on
the time clock for a meal break. In such cases, the Defendants' software, managers and/or
administrators retroactively, and unilaterally inserted a time "punch" entry on the employee's
timesheet to reflect a deduction.

14.    The "Round-Up" Class affected by the conduct alleged herein is comprised
Plaintiff and all former and current employees from whose paychecks Defendants retroactively
deducted minutes worked by rounding-up unpaid meal break time to thirty minutes, in cases
where the time clock reflects an unpaid meal break of less than 30 minutes.

15.    The demands of Guitar Center employees' job duties and schedules are such that
they typically are able to take only relatively meager meal breaks of far less than an hour; and
when meal breaks are taken, the breaks are routinely interrupted by work demands.

16.    Guitar Center has attempted to minimize its payroll payouts by illegally deducting
and rounding-down employee time worked. The deductions were made retroactively by Guitar
Center software and/or managers or administrators.

17.    Guitar Center keeps computerized records of Plaintiffs' and the Class members',[1]
and has failed to pay them time worked and unfairly deducted time worked from their paychecks.

18.    Guitar Center has perpetuated its round-up and pay deduction practices set forth
herein without obtaining employees' express written consent at the time the deduction was made
or otherwise, and without providing notice to employees (at the time of hire or subsequent
thereto) of the payroll deduction practices alleged herein. As a result of unlawfully deducting

---

[1] Unless specified otherwise, references to "Class members," "Class period," or "the Class" include
members of both Classes.

4

Plaintiff's and Class members' paychecks as described herein, the Defendants also unlawfully failed to pay them overtime wages, and diminished employee benefits which may accrue commensurate with work-time, such as vacation and sick-leave pay.

**Arbitrary Meal Break Deductions**

19.    Plaintiff and the Class members are paid hourly, and Guitar Center does not properly compensate them for meal breaks.

20.    At times, Plaintiff and the Class members do not have time in the course of performing their job duties to take a meal break, and/or forget to punch "in" or "out" for meal breaks that they do take which average roughly up to a half-hour in duration.

21.    In such instances, during the Class Period Defendants have retroactively altered Plaintiff's and other Class members' timesheets, by reducing their total time worked for a day with a missed "in" or "out" punch to reflect a deduction for a break of up to one hour. For example, on April 7, 2006, Defendants retroactively inserted an electronic time punch on Plaintiff Kuhl's timesheet to reflect a 60 minute break, or 60 minute deduction of hours worked and wages paid.

22.    Guitar Center managers deducted up to one hour of work-time by, for example, arbitrarily adding, up to several days after a day was worked, "in" and "out" electronic time clock entries to reflect that a purported meal break was taken, despite not knowing whether the employee was working, not working, or on break during the altered work-times, and despite failing to secure the employee's consent, written or otherwise, to the doctored work-time record.

**Break Time Round-Ups**

23.    As dictated by the demands of their jobs, Plaintiff and the Class members take meal breaks of less than 30 minutes. Such breaks amount to rest breaks, not meal breaks. Yet in

such cases, during the Class Period the Defendants have retroactively rounded-up their break time to 30 minutes, and then deducted the entire 30 minute increment from the employee's wages for the day.

24.     For example, on March 14, 2006, Plaintiff Kuhl's break time was 21 minutes; but Defendants retroactively, and without notice to Kuhl rounded up his break time to 30 minutes, and failed to pay Kuhl not only for the first 21 minutes of his rest period but also for the 9 minutes he actually worked. On October 19, 2005, Defendants rounded-up Kuhl's 3 minute break to 30 minutes and deducted 30 minutes from his daily wages.

25.     The Defendants' round-up practice has been employed and intended to evade violation of the FLSA, which provides that a *bona fide* meal break is at least 30 minutes in duration, and which further requires that rest breaks of less than 20 or 30 minutes in duration (in which the employee is relieved of all work duties) be paid.

## Defendants' Lack of Notice of or Consent to Pay Deductions

26.     As part of the Defendants' practice during the Class Period, it did not require the Plaintiff and the Class members to sign or consent to its retroactive deductions of their work-time, or to otherwise approve of the deductions, before it remitted their pay.

27.     At no time did the Defendants provide Plaintiff and the Class with notice that, as a policy or term of employment, employee break time is rounded up to 30 minutes, and/or with notice that Defendants insert timesheet entries to deduct pay where break entries are absent from the timesheet, as described above.

28.     Instead, the employees' job demands have required employees like Plaintiff to take less than a 30 minute meal break or no break at all. In fact, rather than having or enforcing a policy to prohibit or discipline employees from working during or instead of taking a *bona fide*

meal break, the Defendants have encouraged employees to do so, and have customarily reduced employee paychecks to reflect exactly a 30 minute meal break, where meal breaks of less than 30 minutes were taken.

29.     By arbitrarily adding time entries, and rounding-up employee break periods, to reflect reduced work-time on Plaintiff's and the Class members' work-time records, the Defendants have quite clearly failed to properly document employee timesheets and break periods.

30.     Only after Plaintiff Kuhl lodged repeated queries and complaints regarding the above-described deduction practices, and only after Guitar Center recently settled a similar lawsuit filed in California did Guitar Center, in around August 2006, did Guitar Center disseminate an employee meal and beak period policy to Plaintiff and its other employees including a written receipt and acknowledgement of same for employees to sign.

31.     The newly announced break period policy fails to disclose that employees will be penalized in the form of deducted pay-time for failing to punch "in" or "out" for lunch. Nor does the new policy disclose that employees will have their time-clocks retroactively rounded-up by managers who are not even employed at their own stores, if they take a meal break that is less than 30 minutes in duration. In fact, the new policy provides that employees will be disciplined, rather than have pay deducted, for failure to follow it.

## CLASS ALLEGATIONS

32.     Plaintiff brings this action individually and as representative of the following Classes of similarly situated individuals:

*Add-A-Punch Class.* All former and current hourly employees, employed by one or more

7

of the Defendants, from whose paychecks one or more of the Defendants deducted work-time for each day where the employee did not deduct a lunch break from his or her timesheet, between January 12, 1996 and the date of judgment in this action.

*Round-Up Class.* All former and current hourly employees, employed by one or more of the Defendants, from whose paychecks one or more of the Defendants rounded-up recorded break time to 30 minutes, between January 12, 1996 and the date of judgment in this action.

33.     Excluded from the Classes are the officers and directors of Defendants and Plaintiff's counsel.

34.     Plaintiff reasonably believes that each Class includes at least hundreds of members, making joinder of all members of either Class impracticable.

35.     Common questions of law and fact exist as to all members of each Class and predominate over questions affecting individual members of each Class.

36.     Plaintiff will fairly and adequately protect the interests of each Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

37.     A class action is an appropriate method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the either Class is impracticable, and many members of the each Class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions against the corporate Defendants.

38.     The Defendants maintain computerized and other records of employee work-time and the violations alleged herein, including days and hours worked, the one-hour deductions, the

employer-added fake timesheet entries, the half-hour round-up deductions at issue, schedules

that identify exactly who received said deductions and round-ups and when, and wages and

payroll records that show wages paid to and deducted from Plaintiff and each Class. After every

pay period, the Defendants' computers download Plaintiff's and the Class members' work-time

data, and the Defendants have retained the time clock data for relevant times.

39.    The facts set forth above also satisfy the more lenient requirements for

maintenance of a collective action under Section 216(b) of the FLSA as set forth in *Realite v. Ark

Restaurants Corp.,* 7 F. Supp. 2d 303 (S.D. N.Y. 1998).

## COUNT I – BREACH OF CONTRACT

40.    Plaintiff repeats and realleges the preceding paragraphs as if alleged herein.

41.    Plaintiff and the other Class members entered into the same, if not substantially

similar valid and enforceable hourly-wage employment agreements with Defendants including

materially identical terms and conditions.

42.    Pursuant to its agreement with Plaintiff and the Classes, and under the FLSA,

Defendants were required to pay them an agreed wage for time worked.

43.    However, the Defendants did not pay Plaintiff and the Add-A-Punch Class the

agreed wage for all time worked, where the employee did not record a work-time entry for taking

starting or end a meal break. On such work days, as a punitive measure the Defendants

automatically docked Plaintiff and the Add-A-Punch Class members up to a full-hour hour of

pay, regardless of whether the employee actually took a meal break and regardless of the actual

length of a meal break if taken.

44.    Nor did the Defendants pay Plaintiffs and the Round-Up Class the agreed wage

for time worked, where employee punched "in" and "out" for less than 30 minutes for meal

breaks. In such cases the Defendants failed to pay for the break time and automatically rounded-

up the unpaid meal break to thirty minutes.

45.     By accepting Defendants' offer of employment, entering into their employment agreements, and performing the obligations expected of them pursuant to same, Plaintiff and the Classes were entitled to receive full compensation for all hours worked.

46.     Defendants should account for all current and former employees' improperly withheld wages, should be enjoined from dispersing said improperly withheld funds, and said funds should be placed in a constructive trust until further order of the Court.

WHEREFORE, Plaintiff, individually and as the representative of each Class, prays for judgment in his favor and against Defendants as follows:

a.      That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representative of each Class, and that the Court appoint Plaintiff's counsel as class counsel;

b.      That the Court find that the Defendants have breached their contracts with Plaintiff and the other members of the Classes;

c.      That the Court award damages to Plaintiff and the other members of the Classes, including interest; and

d.      That the Court award such other and further relief as the Court may deem just and appropriate.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT AND SIMILAR STATE ACTS

47.     Plaintiff repeats and realleges the preceding paragraphs as if alleged herein.

48.     At hire and continuing thereafter, Defendants agreed to pay Plaintiff and the Class members for all hours worked, at agreed upon "wages" as defined by the IWPCA and similar state acts. *E.g.*, 820 ILCS § 115/2.

49.     Defendants were required to pay Plaintiff and the Class members said wages for each and every pay period under the IWPCA and similar state acts. *E.g.*, 820 ILCS § 115/3.

50.     Defendants failed to pay Plaintiff and the Class members said wages, in violation of their employment agreements with Plaintiff and the Class and in violation of the IWPCA and similar state acts. *E.g.,* 820 ILCS § 115/4.

51.     Defendants failed to pay Plaintiff and the Round-Up Class wages for time worked, in instances where the Defendants rounded-up unpaid break time that was less than 30 minutes in duration to a 30 minute unpaid break.

52.     Defendants failed to pay Plaintiff and the Add-A-Punch Class wages for time worked, in instances where the Defendants added a "punch" to their work-time records to reflect an "in" and "out" punch for an unpaid meal break, when the employee did not record such punches, regardless of whether the employee actually took such a meal break.

53.     Pursuant to the IWPCA, 820 ILCS § 115/9, Defendants are prohibited from deducting Plaintiff's and the other Class members' wages, *e.g.,* as described above in paragraphs 51-52 among others, unless the Defendants meet certain exceptions, which, under 56 Ill. Adm. Code § 300.710, the Defendants have the burden to prove. No such exception is applicable in this case and therefore the Defendants' said deductions were unlawful. (*See* 820 ILCS § 115/9, prohibiting employers from deducting wages unless "(1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) made by a municipality....")

54.     For example, Defendants failed to obtain the "express written consent" of Plaintiffs and the Class members to make the deductions described above, which must be "given freely" and in writing, "at the time the deduction is made." 820 ILCS § 115/9; 56 Ill. Adm. Code

§ 300.720. *See also,* 56 Ill. Adm. Code § 300.930, imposing additional unmet requirements for disputed deductions.

55.     Statutes like the IWPCA, in force in other states where the Defendants employ Class members, likewise require wages to be paid for all time worked consistent with the Defendants' employment agreements with said Class members, and prohibit deductions from employee wages in similar circumstances, e.g., unless expressly authorized in writing by the employee at the time the deduction is made.

56.     Defendants willfully and knowingly committed the aforementioned violations.

57.     As a result of the Defendants' foregoing knowing and willful unauthorized wage deductions and their willful and knowing failure to pay wages it promised in violation of the IWPCA and similar state acts, Plaintiff and the Class members were damaged in an amount to be proven at trial. These wages are due and owing.

WHEREFORE, Plaintiff, individually and as representative of each Class herein, prays for judgment in his favor and against Defendants as follows:

a.      That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representatives of each Class, and that the Court appoint Plaintiff's counsel as Class counsel;

b.      That the Court find that the Defendants' conduct with respect to Plaintiff and the Class members violates the IWPCA and similar state acts;

c.      That the Court award the full amount of wages due for all unpaid hours as allowed by the IWPCA, 820 ILCS §115/4, and similar state acts;

d.      That the Court award Plaintiff and the other members of the Classes attorneys' fees and costs; and

e.      That the Court award such other and further relief as the Court may deem just and appropriate, including prospective injunctive relief.

## COUNT III
## FAIR LABOR STANDARDS ACT

58.     Plaintiff repeats and realleges the preceding paragraphs as if alleged herein, and brings this Count III pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

59.     Under the FLSA, an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. Yet the Defendants did just that, by rounding up unpaid break time (i.e., rounding-down hours worked) and by adding punches to reflect its own artificial reality of unpaid meal break time, to reflect wage deductions on Plaintiffs' and the Class members paychecks. (*See, e.g.,* paragraphs 51-52 above.)

60.     Additionally, the Defendants know that they are required by federal law to pay Plaintiff and other employees for non-meal rest periods of up to twenty minutes, but fail to do so and in fact purposefully round-up employee rest periods to 30 minutes as an excuse to deny employees wages for breaks entirely, in instances where the employee could not take a meal break and was only able to take a rest break. Though the FLSA requires that rest periods of up to 20 minutes count as hours worked and must be paid, Guitar Center did not pay wages to Plaintiff and the Round-Up Class for rest period time of up to twenty minutes – instead, it simply rounded up their break time to 30 minutes so that the break could be considered a non-compensable, unpaid "meal break," even in instances where employees were unable to take a *bona fide* meal break but simply took a rest break. See also U.S. Department of Labor regulations, which further provide, "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked." 29 C.F.R. Pt. 785.18. (Emph. added.)

13

61.     Defendants, by virtue of their above-described round-up and add-a-punch practices and penalties, which reduced the time recorded as worked by Plaintiff and the Class and, in effect, converted more than forty-hour work weeks to less than forty-hour work weeks, and by calculating overtime wages in the manner that it did, failed to pay Plaintiff and the Class due and owing overtime wages for hours they actually worked in excess of forty hours per week. *See* 29 U.S.C. §207.

62.     By virtue of the Defendants' unlawful failure and refusal to pay Plaintiff and the Class members wages, including overtime wages, during the Class period to which they are entitled, in violation of the FLSA, Plaintiff and the Class members have been damaged, and have lost wages due to them in amounts to be proven at trial.

WHEREFORE, Plaintiff, individually and as representative of each Class herein, prays for judgment in his favor and against Defendants as follows:

a.      That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representative of each Class, and that the Court appoint Plaintiff's counsel as Class counsel;

b.      That the Court find that the Defendants' conduct with respect to Plaintiff and the Class members violates the FLSA;

c.      That the Court award the full amount of wages due for all unpaid hours worked, including overtime wages, and an equal amount in liquidated damages plus prejudgment interest;

d.      That the Court award Plaintiff and the other members of the Classes attorneys' fees and costs; and

e.      That the Court award such other and further relief as the Court may deem just and appropriate, including prospective injunctive relief.

## COUNT IV
## FAIR LABOR STANDARDS ACT - WILFUL

63.     Plaintiff repeats and realleges the preceding paragraphs as if alleged herein.

64.     Defendants knowingly and willfully violated the FLSA, 29 U.S.C. 201 et.

seq. As set forth above, Defendants were aware of the violations, and failed to take any

corrective action.

WHEREFORE, Plaintiff, individually and as representative of each Class herein, prays

for judgment in his favor and against Defendants as follows:

a.     That the Court find this case may be properly maintained as a class action, that the
       Court appoint Plaintiff as representatives of each Class, and that the Court appoint
       Plaintiff's counsel as Class counsel;

b.     That the Court find that the Defendants willfully violated the FLSA;

c.     That the Court award the wages for all hours worked, including overtime wages,
       and an equal amount in liquidated damages plus prejudgment interest;

d.     That the Court award Plaintiff and the other members of the Classes attorneys'
       fees and costs; and

e.     That the Court award such other and further relief as the Court may deem just and
       appropriate, including prospective injunctive relief.

## COUNT V
## UNJUST ENRICHMENT

65.     Plaintiff repeats and realleges the preceding paragraphs as if alleged herein, and

brings Count V rooted in violation of the IWPCA and similar state acts and the FLSA, and to the

extent applicable in the alternative to the above Counts rooted in contract.

66.     Defendants' "round-up" and "add-a-punch" practices violate the law and public

policy.

67.     Defendants were unjustly enriched as a result of their wrongful conduct when

they collected and kept for themselves wages and interest that Plaintiff and the Class members

earned and are rightfully owed, and Defendants possess said monies belonging to Plaintiff and

the Class members.

68.     Defendants' retention of monies due to the Plaintiff and the Class members

violates fundamental principles of justice, equity and good conscience.

69.     As a result, Plaintiff and the Class members each have been damaged and/or are

due restitution in an amount to be proven at trial.

WHEREFORE, Plaintiff, individually and as representative of each Class herein, prays

for judgment in his favor and against Defendants as follows:

a.      That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representative of each Class, and that the Court appoint Plaintiff's counsel as Class counsel;

b.      That the Court find that the Defendants are unjustly enriched by virtue of their conduct as alleged herein;

c.      That the Court award damages and/or restitution to Plaintiff and the Class members;

d.      That the Court award Plaintiff and the other members of the Classes attorneys' fees and costs; and

e.    That the Court award such other and further relief as the Court may deem just and
appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters complained of herein

that are so triable.

Respectfully submitted,

Michael Kuhl, individually and on behalf of all similarly
situated persons,

By: _____
Plaintiff's Counsel

Phillip A. Bock
Jordan M. Rudnick
DIAB & BOCK, LLC
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Illinois ARDC# 6230167

Ilan Chorowsky
CHOROWSKY LAW OFFICES
1130 N. Dearborn Street, Suite 3110
Chicago, IL 60610
(312) 643-5893 (voice)
(312) 643-5894 (facsimile)
Illinois ARDC# 6269534