UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KUHL, ERIC DISRUD, and KEVIN CHERELLO, individually and on behalf of all similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 07 C 214 |
| v. | ) ) | Judge Joan B. Gottschall |
| GUITAR CENTER STORES, INC. and GUITAR CENTER, INC., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER & OPINION**

Plaintiffs Michael Kuhl, Eric Disbud, and Kevin Cherello (collectively, "Kuhl") bring this suit, individually and on behalf of others similarly situated, against defendants Guitar Center Stores, Inc. and Guitar Center, Inc. (collectively, "Guitar Center"). Kuhl's five-count amended complaint alleges breach of contract (Count I), violations of state wage payment and collection acts (Count II), violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (Count III), willful FLSA violations (Count IV), and unjust enrichment (Count V). Guitar Center has filed a motion to dismiss or, in the alternative, for a more definite statement in respect to Counts I, II, and V of the amended complaint. For the reasons set forth below, the court grants Guitar Center's motion to dismiss without prejudice *as to Kuhl's non-Illinois state claims only*, and, as to the Illinois state claims, denies the motion to dismiss, or in the alternative, a more definite statement.

1

# I. BACKGROUND[1]

Guitar Center owns and operates a chain of music stores around the United States, including several branches in Illinois. Allegedly, Guitar Center failed to pay its employees for all of the hours that they worked. Specifically, Kuhl claims that Guitar Center engaged in two practices that resulted in its employees' paychecks being "short-changed." First, Guitar Center allegedly rounded up the time employees spent on breaks so that it could classify those breaks as unpaid meal breaks instead of paid breaks. Second, Kuhl alleges that Guitar Center retroactively deducted up to one hour for meal breaks from the checks of workers who did not punch out for a meal break at all. Kuhl filed a class action suit on behalf of all employees of Guitar Center.

# II. ANALYSIS

Guitar Center raises multiple grounds upon which it asks the court to dismiss Kuhl's case, specifically: (A) lack of standing; (B) lack of subject matter jurisdiction; and (C) insufficiency of the complaint.

## A. Standing To Raise State Law Claims

Guitar Center argues that because the three plaintiffs all work in Illinois, Kuhl lacks standing to assert state law claims for any state other than Illinois. The court holds that Kuhl has standing to pursue the Illinois state claims and that the issue of class standing is more appropriately addressed at the time of class certification.

1. <u>Legal Standard</u>

A court ruling on a motion to dismiss that challenges standing must accept as true all

---

[1] The background facts stated herein are taken from the amended complaint, which the court accepts as true for purposes of the motion to dismiss.

material allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Retired Chi. Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996). The plaintiff bears the burden of establishing the required elements of standing. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To establish standing, a plaintiff must show: (1) "an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that a favorable court decision will redress the injury. *Lujan*, 504 U.S. at 560-61 (reviewing requirements to establish a case or controversy under Article III of the U.S. Constitution). In certain circumstances, a court may determine class certification before standing where class certification issues are "'logically antecedent' to Article III concerns and themselves pertain to statutory standing . . . ." *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (noting in an asbestos class action that the determination of whether the named plaintiffs had standing to bring claims on behalf of exposure-only class members should come after the issue of class certification had been determined); *see also Payne v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002) (noting the importance of observing this "directive to consider issues of class certification prior to issues of standing").

      2.      <u>Standing to Bring State Law Claims On Behalf of A Class</u>

Guitar Center's argument that Kuhl lacks standing to assert non-Illinois state law claims rests solely on the court's conclusion in *Schultz v. American Family Mutual Insurance Co.*, No. 04 C 5512, 2005 WL 5909003 (N.D. Ill. Nov. 1, 2005). In *Schultz*, the plaintiff had sued the defendant for violations of FLSA, Illinois statutory law, and "other similar state statutes." *Id.* at

3

*1. Before the court was plaintiff's motion to send an opt-in notice to the FLSA class as well as defendant's motion to dismiss. *Id.* Notwithstanding its conclusion that subject matter jurisdiction "w[ould] not be clear until the FLSA class has been determined and plaintiff moves to certify the state law class," the court concluded that if the plaintiff "currently lacks standing to sue for [defendant's] alleged violations of other states' statutes . . . class certification will not cure that defect." *Id.* at *7.

*Schultz* bases its conclusion on the holdings in two cases where the plaintiffs lacked standing at the inception of the case and could not therefore assert standing on behalf of the class. *See Walters v. Edgar*, 163 F.3d 430 (7th Cir. 1998) (affirming dismissal for want of standing even after a class was certified where federal jurisdiction never attached to plaintiffs' frivolous individual claims); *Portis v. City of Chicago*, 347 F. Supp. 2d 573, 576 (N.D. Ill. 2004) (finding no standing to claim injunctive relief on behalf of a class where the named plaintiffs themselves were no longer subject to the challenged practice at the time they filed suit). However, there is no dispute that Kuhl has standing to assert his own claims in this case under both FLSA and Illinois state law. This court respectfully declines to follow the reasoning and conclusion of the *Schultz* court and agrees with Kuhl that *In re Grand Theft Auto Video Game Consumer Litigation*, 06 MD 1739, 2006 WL 3039993 (S.D.N.Y. Oct. 25, 2006), is the better fit.

In *Grand Theft Auto*, plaintiffs from five states alleged the defendant violated consumer protection laws of multiple states. *Id.* at *1. The defendant challenged the plaintiffs' standing because they had no personal connection to many of the states. *Id.* The court observed that other courts had certified nationwide classes and that those courts have, upon motion for class

4

certification, "found sufficient similarities between the laws of the various states to justify the prosecution of nationwide class action suits asserting state law claims." *Id.* at *3 n.3. It concluded that class certification should precede an analysis of standing in this case. *See id.* at *2 (reviewing the lower courts' split of opinion about when *Ortiz*, 527 U.S. at 831, requires a determination of standing before class certification). The court reasoned that, because it was undisputed that the plaintiffs had standing to bring claims under the consumer protection statutes of the states in which they themselves lived, "the alleged standing problems . . . arise only because the Named Plaintiffs are attempting to bring claims on behalf of a nationwide class." *Id.* at *3.

The facts in this case are remarkably similar to those of *Grand Theft Auto.* Kuhl is asserting multiple state law claims against a single defendant: Guitar Center. Guitar Center concedes that Kuhl has standing to bring FLSA and Illinois state claims. *See* Reply Mem. in Supp. of 2d Mot. to Dismiss at 5 ("The Court should reject Plaintiffs' arguments and . . . *dismiss Plaintiffs' non-Illinois state wage claims* for lack of standing." (emphasis added)). As in *Grand Theft Auto*, the defendant is challenging standing only for those state law claims brought on behalf of an as-yet uncertified class. Before any class is certified, the class claims are conjectural. It is only through a determination of typicality of claims across the various state statutes that the court will know whether standing is appropriate for all the claims asserted. Therefore, the issue of class certification is "logically antecedent" to the issue of class standing in this case. *See Payne*, 308 F.3d at 678 (finding class certification issues to be "logically antecedent" to issues of standing where plaintiffs had standing to bring individual claims against certain county defendants, but not to assert the class claims that arose under the same statute

5

against different county defendants) (citing *Ortiz*, 527 U.S. at 831)). Therefore, Guitar Center's challenge to class standing is premature. Based on the foregoing, and with a cautionary note that it will revisit the issue of standing at class certification, the court denies Guitar Center's motion to dismiss for want of standing.

**B.    Subject Matter Jurisdiction**

Kuhl's complaint includes the following three state law counts: breach of contract (Count I), violations of state wage payment and collection acts (Count II), and unjust enrichment (Count V). Guitar Center argues that the court lacks subject matter jurisdiction over Kuhl's state law claims because: (a) the opt-in provisions of FLSA conflict with the opt-out provisions of a typical class action; (b) the state law claims predominate over the federal claims; and (c) Kuhl fails to plead sufficient facts to invoke the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), as a basis for jurisdiction. The court holds that it has supplemental jurisdiction over the state law claims.

   1.    Legal Standard: Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal of a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court must address Rule 12(b)(1) arguments before Rule 12(b)(6) arguments, because "once the district judge has reason to believe that there is a serious jurisdictional issue, [s]he is obliged to resolve it before proceeding to the merits." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (quoting *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986)). In determining whether it has jurisdiction, the court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). Nevertheless,

"[t]he burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (citation omitted).

    2.    Supplemental Jurisdiction

        a.    Section 1367 Legal Standard

Guitar Center has not moved to dismiss the two counts of the complaint that Kuhl brought under FLSA.[2] All parties therefore agree that the case is properly before the court because the complaint raises a federal question. *See* 28 U.S.C. § 1331 (providing for original jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States"). The court's jurisdiction over the state law claims thus depends on whether they "form part of the same case or controversy" as the federal claims. *See id.* § 1367(a).

Section 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." *Id.* State and federal claims are "part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). Even where the district court could exercise supplemental jurisdiction, it may deny it if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[2]The court notes that Guitar Center has not answered Counts III and IV either, even though Kuhl filed the amended complaint on June 8, 2007.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)). Thus, a court must determine: (1) if supplemental jurisdiction is permissible; and (2) if so, whether it is desirable.

      b.      <u>Supplemental Jurisdiction Over Kuhl's State Law Claims</u>

Guitar Center does not dispute that Kuhl's state law claims derive from the same nucleus of operative fact as their FLSA claims, namely, that Guitar Center allegedly records meal and break times improperly and consequently underpays employees. Thus, supplemental jurisdiction is permissible under § 1367(a) and the only question is whether the court should decline to exercise jurisdiction pursuant to § 1367(c).

Guitar Center argues that the opt-in FLSA collective action conflicts with the opt-out state law class claims so as to militate against the exercise of supplemental jurisdiction. It relies on cases that are non-binding because they are either in a different procedural posture or from other district courts. *See, e.g.*, *McCain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (class certification motion); *Rodriguez v. Texan, Inc.*, 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. March 7, 2001) (providing advance warning that "this court harbors serious reservations (really an understatement) as to conventional class action treatment in this instance"); *Veerkamp v. U.S. Sec. Assocs., Inc.*, 1-04-cv-0049, at *8 (S.D. Ind. Sept. 29, 2006) (class certification motion). The court agrees with Kuhl that it is premature to decide issues of FLSA opt-ins versus class certification opt-outs. At this point, the court has only to determine if

it has the power to hear the claims; a potential problem with class certification down the road does not destroy the court's subject matter jurisdiction over the claims.[3]

Guitar Center also urges the court to decline supplemental jurisdiction over Kuhl's state law claims because the claims substantially predominate over the federal claims in this case. The court disagrees. The state law counts are for breach of contract, violations of the state wage acts, and unjust enrichment, none of which present novel or complex issues of state law. The three state law issues do not predominate over the two FLSA counts because, before a class is certified, the plaintiffs are pursuing only their individual claims under Illinois law. In short, the court finds none of the reasons to decline jurisdiction under § 1367(c) to be present; it therefore holds that it has subject matter jurisdiction over the state-law claims raised by Kuhl and denies Guitar Center's motion to dismiss on that basis.[4]

C.    **Adequacy of Complaint Under Rule 8(a)(2)**

Guitar Center has moved to dismiss Kuhl's state law claims, including those arising under Illinois law, arguing that the complaint fails to allege sufficient factual detail to allow it to answer. The court finds that the Illinois state claims are sufficient under Rule 8, but the non-Illinois state claims are not.

   1.    Legal Standard

---

[3]A motion for class certification may again raise questions about subject matter jurisdiction and the court will revisit its § 1367 analysis at that time if necessary. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). The court notes its skepticism regarding Kuhl's ability to overcome the hurdles of typicality and the opt-in/opt-out conflict when asserting claims under so many state statutory and common laws.

[4]Because the court has determined that it has supplemental jurisdiction, it declines to reach the issue of whether Kuhl appropriately invoked jurisdiction pursuant to CAFA.

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's claim for relief fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The facts must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level. *Id.* at 1973-74 & n.14; *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Concentra Health Servs., Inc.* 496 F.3d at 776 (citing *Twombly*, 127 S. Ct. at 1965, 1973 n.14).

In certain circumstances, "[a defendant] may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, "[a]n allegation is considered specific enough . . . 'if the statement permits the defendant to understand the specific nature of the claim and form a responsive pleading.'" *Hackman v. Dickerson Realtors, Inc.*, 520 F. Supp. 2d 954, 975 (N.D. Ill. 2007) (internal citation omitted).

    2.    Sufficiency of Complaint

        a.    Time-Frame

Guitar Center first raises a concern about Kuhl's failure to specify "relevant time frames," arguing that it "simply do[es] not have sufficient information to admit or deny Kuhl's allegations, or to formulate appropriate defenses (including, without limitation, whether relevant statutes of limitation have passed)." Mem. in Supp. of 2d Mot. to Dismiss at 11. The court disagrees. Obviously, the scope of the claims is constrained by the statutes of limitations of the relevant statutes and common law claims, but, even after *Twombly*, the plaintiff need not plead the statute of limitations in a complaint. Kuhl has plead sufficient information on time frames to put Guitar Center on notice of the claims against it. *See, e.g.*, Compl. ¶¶ 9 (stating the start date for Kuhl's employment with Guitar Center), 11 (stating the number of Guitar Center stores in certain years), 26 (specifying dates of incorrect deductions from a paycheck). Hypothetical concerns about the scope of discovery do not constitute a pleading problem or justify an order for a more definite statement.

        b.        <u>Specific State Laws</u>

Guitar Center also argues that Kuhl does not explain which state laws he is invoking and that this makes the complaint too broad. However, it is Guitar Center's motion that is too broad as it attempts to dismiss both Illinois and non-Illinois claims. The complaint provides factual allegations regarding Illinois employees, practices of Illinois branches of Guitar Center, Illinois law, and allegedly illegal actions that took place in Illinois. These Illinois state law allegations are sufficient to allow Guitar Center to understand the nature of the claim and formulate a response and are, therefore, sufficient under Rule 8.

However, Kuhl's allegations in Count II regarding non-Illinois state laws appear to be limited to a cursory footnote listing twenty-eight states that allegedly have statutory provisions

that are "similar" to those of Illinois. *See* Compl. ¶ 50 n.3 ("The following states where Guitar Center stores are located have wage and hour laws similar to [Illinois statutes] . . . ."). The footnote offers no more than a conclusion of law and fails to provide sufficient factual detail on non-Illinois claims to satisfy Rule 8 requirements. *See Twombly*, 127 S. Ct. at 1965 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Kuhl does not clarify which non-Illinois state laws are at issue in Counts I and V at all, not even in a footnote. The current allegations (or lack thereof) regarding the common law claims also fail to raise the claims above the speculative level or to put Guitar Center on notice of the claims against it for any state other than Illinois.

Guitar Center suggests that Kuhl must tell it which state statutes and laws were allegedly violated and the court agrees.[5] For this reason, the court holds that Kuhl's complaint, in respect of non-Illinois state claims only, fails to satisfy Rule 8 pleading requirements and dismisses them without prejudice.

### III. CONCLUSION

For the reasons stated above, the court holds that: (1) Kuhl has standing to assert his claims and the issue of class standing is more appropriately addressed at class certification; (2) the court has supplemental jurisdiction over the state law claims; (3) the complaint is sufficient under Rule 8 in respect to the Illinois state claims but not in respect to the non-Illinois state law claims. Therefore, as to defendants' motion to dismiss Counts I, II, and V, the court grants the

---

[5]The court is not, however, opining on what level of detail would be required to avoid a subsequent dismissal under Rule 12(b)(6).

motion without prejudice *only for the non-Illinois state law claims* pursuant to Rule 12(b)(6) and denies the motion for the Illinois state law claims.

                ENTER:


                \_\_/s/_____
                JOAN B. GOTTSCHALL
                United States District Judge

DATED: February 28, 2008